**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FAUSTINA ORTIZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **UNITED STATES LIABILITY** | § | |
| **INSURANCE GROUP AND** | § | |
| **FREDERIC KEITH JEFFERSON** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT, UNITED STATES LIABILITY
INSURANCE COMPANY, IMPROPERLY NAMED AS UNITED
STATES LIABILITY GROUP'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, incorrectly named Defendant United States Liability Insurance Group[1] (USLI Group") in Cause No. 17-06-06669, pending in the County Court at Law No. 2 of Montgomery County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division because federal diversity jurisdiction exists between the proper parties.  In support of this Notice of Removal, USLIC shows as follows:

**I.
FACTUAL BACKGROUND**

1.1     United States Liability Insurance Company ("USLIC") issued businessowners policy number BP1586592 to Plaintiff Faustina Ortiz, with effective dates from January 26, 2016

---

[1] The proper name of the company that issued a commercial property insurance policy to Plaintiff is United States Liability Insurance Company.  United States Liability Insurance Group is not the correct name of Plaintiff's insurance company.

**NOTICE OF REMOVAL – Page 1**
2752049v1
11203.014

to January 26, 2017 ("policy").   The policy provides property insurance coverage for the commercial building operating as a restaurant at 402 East Davis St., Conroe, Texas 77304 ("building") subject to policy terms and conditions.   USLIC did not provide insurance for the building prior January 26, 2016.

      1.2     On August 23, 2016, Plaintiff's representative, Javier Lugo, reported a claim to USLIC for storm damage to the building which he reported had occurred on May 26, 2016. USLIC retained independent adjuster Frederic Jefferson of Wheeler-DeFusco & Associates to inspect the property.   Jefferson inspected the interior and exterior of the building on September 6, 2016, and took numerous photographs of the conditions observed.   Jefferson provided his photos to USLIC, and upon reviewing the conditions depicted in the photos USLIC determined that it would be necessary for an engineer to inspect the building in order for USLIC to complete its investigation of the claim.   USLIC then retained professional engineer Arun Parihar, P.E. from ProNet Group to inspect the loss and prepare a report of findings regarding the cause of observed damages to the building.   Following his inspection, Parihar prepared a report of his findings and provided his report to USLIC.   After receiving Parihar's report, USLIC concluded its investigation and prepared its coverage determination on the claim.   By letter dated November 9, 2016, USLIC provided a summary of the steps it had taken to investigate the loss and provided an explanation of the engineer's conclusions and the information on which USLIC had relied in making its coverage determination.   *See* November 9, 2016 Letter attached as Exhibit 1.   USLIC advised the insured that the identified conditions on the roof and the interior water damage were not covered under the policy.   *Id.*   USLIC also specifically identified the applicable policy exclusions and limitations which exclude coverage for wear and tear, deterioration, inadequate maintenance, and interior water damage not arising from an opening in the building caused by a

covered cause of loss.  *Id.*  At no time did Jefferson convey any coverage positions to Plaintiff or Plaintiff's representatives.

1.3    Plaintiff's counsel submitted a demand letter to USLIC on or about January 19, 2017 demanding a sum of $114,630.55, but provided no estimate or photos identifying or describing the scope of claimed damages.    *See* Demand Letter attached as Exhibit 2.    In addition, Plaintiff's demand letter identified the date of loss as February 26, 2016.  *Id.*  In response, counsel for USLIC responded to Plaintiff's counsel by letter dated March 6, 2017 and provided a comprehensive summary of USLIC's investigation of the claim and coverage position.[2] *See* March 6, 2017 Letter attached as Exhibit 3.

1.4    On May 31, 2017, Plaintiff, Faustina Ortiz ("Plaintiff") filed her Original Petition in the matter styled *Faustina Ortiz v. United States Liability Insurance Group and Frederic Keith Jefferson*, Cause No. 17-06-06669, in the County Court at Law No 2 of Montgomery County, Texas.  *Original Petition* attached as Exhibit 4A.

1.5    Plaintiff served the registered agent for USLIC with the citation and Plaintiff's Original Petition via certified mail on June 5, 2017.  Plaintiff served Frederic Keith Jefferson via certified mail on or about June 8, 2017.

1.6    Improperly named Defendant USLI Group, files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).    In addition, this Notice of Removal is being filed within one year of the commencement of this action.

1.7    All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).    A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

---

[2] Plaintiff's allegation that USLIC "[d]id not provide any explanation for failing to settle Plaintiff's claim properly," is demonstrably false.  *Compare Original Petition* at ¶20 with Exhibits 1 & 3.

1.8     As required by 28 U.S.C. § 1446(a) and LR 81 of the Southern District of Texas Local Rules, attached hereto as Exhibit "4" is the Index of State Court Documents.  A copy of the Montgomery County Clerk's file for this case is attached as Exhibit "4A, 4B, 4C, 4D, and 4E", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet, attached as Exhibit "5."

1.9     A copy of Frederic Keith Jefferson's Consent to Removal is attached as Exhibit "6."

1.10    A Designation of Counsel is attached as Exhibit "7."

1.11    As required by Fed. R. Civ. P. 7.1, attached hereto as Exhibit "8" is the Certificate of Interested Persons.

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.    THE CORRECT PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     As plead in her Original Petition, Plaintiff is, and was at the time the lawsuit was filed, a resident of the State of Texas.  *See Plaintiff's Original Petition* [Ex. 4A] at p. 1; ¶2.

2.3     United States Liability Insurance Company, properly served but improperly named as Defendant, United States Liability Insurance Group ("USLI Group"), is a corporation with its principal place of business in Pennsylvania, and is a citizen of the State of Pennsylvania for diversity purposes.   Accordingly, USLIC, improperly named as Defendant, USLI Group, is of diverse citizenship to Plaintiff, Faustina Ortiz.

2.4     Although Defendant Fredric Keith Jefferson ("Jefferson") is, and was at the time the lawsuit was filed, a citizen of the State of Texas, it is Defendant's position that Jefferson has

been improperly joined in this action solely to defeat diversity subject matter jurisdiction. Therefore, as explained below, the Texas citizenship of Jefferson should be disregarded for the purposes of evaluating diversity in this matter.

**B.**      **JEFFERSON WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED**

**1.**      **Standards for Evaluating Improper Joinder Under Texas Law.**

2.5      The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The removing party bears the burden of demonstrating improper joinder. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

2.6      The Fifth Circuit has explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).  Under the second prong, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to *recover* against an in-state defendant." *Id.* at 573 (emphasis added).  The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder. *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the other appear to describe the same standard or not.") (emphasis added).

2.7      A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways. *Id.* "'The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Int'l Energy*

*Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., No. 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting Smallwood, 385 F.3d at 573).

2.8     If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.   In *International Energy Ventures Management., L.L.C. v. United Energy Group.*, the Fifth Circuit confirmed that the court must "apply the federal pleading standard embodied in that analysis," when evaluating whether Plaintiff's pleadings state a plausible claim under state law against the non-diverse defendant *Id.* at *8.

2.9     According to the federal pleading standard, "[a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (U.S. 2007).   The Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 570.   "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   And "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).   "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

2.10     Moreover, Texas federal district courts have consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)," of the Federal Rules of Civil Procedure.  *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA."). Rule 9(b) imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

### 2.     Plaintiff has no Factual or Legal Basis for Recovery against Jefferson

2.11     The facts in this case demonstrate that Plaintiff's representative, Mr. Javier Lugo, reported this claim on August 23, 2016, and that USLIC hired Jefferson merely to inspect the property and photograph the observed conditions.  Exhibits 1 & 3.  After receiving Jefferson's photos, USLIC made the decision to retain an engineer to further assess the cause of damages, and USLIC ultimately provided its coverage decision to Plaintiff based on the conclusions of the engineer.   *Id.*   Jefferson, however, never made any representations to Plaintiff as to what would be covered under the insurance policy.

2.12    Plaintiff attempts to conflate USLIC's communications about its coverage decision with the conduct of Jefferson in merely photographing the conditions observed at the property by repeatedly referring to the undifferentiated conduct of "Defendants." *See Original Petition* [Ex. 4-1] at ¶¶24-30. Numerous courts, however, have found that such undifferentiated global allegations fail to satisfy federal pleading standards and fail to state actionable claims against an individual adjuster defendant.   *See, e.g., Plascencia v. State Farm Lloyds and Feliciano Gallegos*, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4) ("[M]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant").   Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed collectively toward both Defendants, and should conclude that such allegations fail to state an actionable claim with respect to Jefferson and do not support his joinder as a defendant in this case.

2.13    Furthermore, as explained by the court in *Plascencia*, the other allegations against Jefferson in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief.   Like the generic allegations against Jefferson set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations in against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's

> misrepresentations caused State Farm to underpay Plaintiff on his insurance
> claim and, as such, Plaintiff has not been able to properly and completely repair
> the damages to Plaintiff's property. This has caused additional, further damage to
> Plaintiff's property.

*Id.* at p. 4.  Because the "factual" allegations against Jefferson equally vague and conclusory, the Court should also conclude that Jefferson was improperly joined because Plaintiff's allegations against him fail to establish a plausible right to recover against him.  *Id*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.14    In addition, Plaintiff's claims against Jefferson under Chapter 542 of the Texas Insurance Code fail and cannot state a plausible claim against him because Chapter 542 expressly only applies to certain insurers, not individual persons who may be working in the business of insurance.  *See Plaintiff's Original Petition* at ¶¶59 and 60; *see also Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015) (holding that an individual adjuster defendant cannot be held liable under any section of Chapter 542 because Chapter 542 only applies to specifically listed "insurers," and Summers, an adjuster, is not an insurer); TEX. INS.CODE ANN. § 542.002.

2.15    Plaintiff's allegations against Jefferson for violations of Chapter 541 of the Texas Insurance Code also fail to demonstrate a reasonable basis to recover against him because

Plaintiff fails to allege that Jefferson's alleged misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy with USLIC.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in *One Way Investments, Inc. v. Century Surety Company, et al*., 2014 WL 6991277 (N.D. Tex., 2014), the type of allegations alleged against Jefferson, all of which must relate to his inspection (since that is all Jefferson did), are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.

2.16    Like this case, *One Way* involved a dispute over wind and hail damage to One Way's property.  *Id.* at *1.  Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster.  *Id.* After a dispute arose over the scope of damages, One Way, filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code.  *Id*. at *2.

2.17    As Plaintiff has alleged with respect to Jefferson in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underscoped the damages.  *Id*. at p. 7.  The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.18     The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings.  Rather, there is a significant body of authority from other federal courts in Texas also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code.  *See*, *e.g.*, *See McClelland*

*v. Chubb Lloyd's Ins. Co. of Tex., et al.*, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016) (denying motion to remand and granting independent adjuster's motion to dismiss based on improper joinder); *Slabaugh v. Allstate Insurance Company*, No. 4:15-cv-115, 2015 WL 4046250 (E.D. Tex. June 30, 2015) (holding that while "it is undisputed that [the adjuster] inspected the property and provided an estimation of damages, there are no allegations that [the adjuster] misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment."); *Davis v. Allstate Ins. Co. of Texas*, No. 4:14-cv-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); *Rodriguez v. Allstate Ins. Co. of Texas*; No. 5:15-cv-143-C, in the United States District Court for the Northern District of Texas, Lubbock Division; *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at *19 (S.D. Tex. June 19, 2013); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729 at *6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. May 21, 2009); *Okenkpu v. Allstate Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012; *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.19    These courts have consistently found improper joinder where, as here, the allegations against the adjuster only related to independent adjuster's determination of the scope of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at

*19.   Accordingly, because Plaintiff's claims against Jefferson in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under applicable Federal pleading standards, the Court should conclude, as other courts have done in virtually identical circumstances before, that Jefferson has been improperly joined.

2.20    Furthermore, Texas federal district courts have also consistently held that "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of [Federal Rule] Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (applying Rule 9(b) "to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."); *see also Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8397281, at *5 (E.D. Tex. June 6, 2014) adopted in 2014 WL 8494527 (E.D. Tex. Aug. 19, 2014); *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Bige, Inc. v. Penn-Am. Ins. Co.*, No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA."). Rule 9(b) of the Federal Rules of Civil Procedure imposes a heightened pleading standard, which requires that plaintiffs "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (citing *United States ex. Rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). "The court's key concern in assessing a complaint under Rule 9(b) is

to determine whether the plaintiff seeks to redress specific wrongs or whether the plaintiff instead seeks the opportunity to search out actionable wrongs." *Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, No. 3:15-CV-1475-D, 2016 WL 1322235, at *3 (N.D. Tex. Apr. 5, 2016).

2.21   Here, Plaintiff alleges that Jefferson "knowingly" engaged in a laundry list of unfair claims settlement practices under the Insurance Code, "knowingly and intentionally" violated the DTPA, and committed fraud.[3]  *Original Petition* [Ex. 4A] at ¶¶57-67.  Plaintiff does not specify what alleged knowing and intentional representations were made, when the representations were made, where the representations were made, and in what context they were made, or to whom they were made.  Plaintiff's petition fails to state when, where, who and how Jefferson knowingly violated the Texas Insurance Code, knowingly violated the DTPA, or committed fraud.  Thus, Plaintiffs do not specify any of the particulars that Rule 9(b) requires.

2.22   Finally, as further evidence of Plaintiff's failure to state any actionable claims against Jefferson, Plaintiff's claims against Jefferson for "negligence" are not actionable under well-settled Texas law.[4]  *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) (explaining that "Texas law does not recognize a cause of action for negligent claims handling").

2.23   For these reasons, it is clear that Jefferson has been improperly joined for the sole purpose of preventing the exercise of diversity jurisdiction over this case.  Therefore, the court

---

[3] Under Texas law, a defendant commits a knowing violation of the Insurance Code or DTPA when, at the time of the act or practice complained of, he acts with actual awareness of the falsity, deception, or unfairness of the act or practice.  *See Brown and Brown v. Omni Metals, Inc.*, 317 S.W.3d 361, 395 (Tex. App.-Houston [1st Dist.] 2010, pet. Denied.

[4] Plaintiff's negligence and gross negligence claims against Jefferson are set forth in paragraphs 68-75 of the *Original Petition* [Ex. 4A].

should disregard Jefferson's Texas citizenship and find that there is diversity of citizenship between the proper parties.

### C.   THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.

2.24    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff's *Original Petition* in which Plaintiff expressly alleges that she "seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees." *See Original Petition* [Ex. 4A] at ¶89. This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendant USLI Group was served with Plaintiff's *Original Petition* and process on June 5, 2017.  Defendant Jefferson was served on or about June 8, 2017. USLI Group files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4    Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Montgomery County Court at Law No. 2, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "4" is an index of all documents filed in the state court action and a copy of each document.

4.1A   Attached hereto as Exhibit "4A" is a copy of Plaintiff's Original Petition.

4.1B   Attached hereto as Exhibit "4B" is a copy of Civil Case Information Sheet.

4.1C   Attached hereto as Exhibit "4C" is a copy of Chad T. Wilson's request for service by certified mail return receipt requested through the court of Defendants, United States Liability Insurance Group and Frederic Keith Jefferson with attached copy of Citation issued to Defendant, United States Liability Insurance Group, Citation issued to Defendant, Frederic Keith Jefferson, and Clerk's Certified Mail Receipt of United States Liability Insurance Group and Clerk's Certified Mail Receipt of Frederick Keith Jefferson.

4.1D   Clerk's Certificate of Service by Certified Mail to United States Liability Insurance Group.

4.1E   Clerk's Certificate of Service by Certified Mail to Frederic Keith Jefferson

4.2     Attached hereto as Exhibit "5" is a copy of the Docket Sheet of the case pending in the County Court at Law No. 2 of Montgomery County, Texas.

4.3     Attached hereto as Exhibit "6" is Frederic Keith Jefferson's Consent to Removal.

4.5     Attached hereto as Exhibit "7" is the Designation of Counsel.

4.6     Attached hereto as Exhibit "8" is the Certificate of Interested Persons.

## V.
## CONCLUSION

5.1    Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, improperly named United States Liability Insurance Group hereby removes this case to this court for trial and determination.

Respectfully submitted,

*/s/Daniel P. Buechler*
Daniel P. Buechler
State Bar No. 24047756
Southern District Bar No. 611489
Alexander G. Blue
State Bar No. 24008993
Southern District Bar No. 833218

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  dbuechler@thompsoncoe.com
            ablue@thompsoncoe.com

**ATTORNEYS FOR DEFENDANTS**
**UNITED STATES LIABILITY**
**INSURANCE GROUP AND FREDERIC**
**KEITH JEFFERSON**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2017 I served the following document on counsel via electronic notice and/or certified mail, return receipt requested:

Chad T. Wilson
Allen B. Landon
CHAD T. WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas  77598
Email: eservice@cwilsonlaw.com

And

David P. Wilson
PROVOST UMPHREY LAW FIRM LLP
490 Park Street, Suite 100
Beaumont, Texas 77701
Email:  DWilson@pulf.com

***ATTORNEYS FOR PLAINTIFF***

   */s/Daniel P. Buechler*
Daniel P. Buechler