**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FAUSTINA ORTIZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | _____ |
| **UNITED STATES LIABILITY** | § | |
| **INSURANCE GROUP AND** | § | |
| **FREDERIC KEITH JEFFERSON** | § | |
| | § | |
| **Defendants** | § | |

---

**INDEX OF MATTERS BEING FILED**

---

       Pursuant to Rule 81 of the Local Rules of the United States District Court for the Southern District of Texas, the following is an index of all documents that clearly identifies each document and indicates the date the document was filed in the County Court at Law No. 2 of Montgomery County, Texas:

| Exhibit | Date | Document |
|---|---|---|
| 4A | May 31, 2017 | Plaintiffs' Original Petition |
| 4B | May 31, 2017 | Civil Case Information Sheet |
| 4C | May 31, 2017 | Chad T. Wilson's request for service by certified mail return receipt requested through the court of Defendants, United States Liability Insurance Group and Frederic Keith Jefferson with attached Citation issued to Defendant, United States Liability Insurance Group, Citation issued to Defendant, Frederic Keith Jefferson, and Clerk's Certified Mail Receipt of United States Liability Insurance Group and Clerk's Certified Mail Receipt of Frederick Keith Jefferson |
| 4D | June 1, 2017 | Clerk's Certificate of Service by Certified Mail to United States Liability Insurance Group |
| 4E | June 1, 2017 | Clerk's Certificate of Service by Certified Mail to Frederic Keith Jefferson |

EXHIBIT 4 - Page 1

Received and E-Filed for Record
5/31/2017 4:10:00 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. ___17-06-06669___

| | | |
|---|---|---|
| FAUSTINA ORTIZ, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | **Montgomery County - DC - County Court at Law #2** |
| | § | |
| UNITED STATES LIABILITY | § | MONTGOMERY COUNTY, TEXAS |
| INSURANCE GROUP | § | |
| and FREDERIC KEITH JEFFERSON, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Faustina Ortiz, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United States Liability Insurance Group ("United") and Frederic Keith Jefferson ("Jefferson") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.     Plaintiff, Faustina Ortiz, resides in Montgomery County, Texas.

3.     Defendant, United States Liability Insurance Group, is a Pennsylvania insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon United States Liability Insurance Group through its registered agent for service:  **Lisa Mann, Bingham Mann and House, 4500 Yoakum Boulevard., Houston, Texas 77006**.  Plaintiff requests service at this time.

EXHIBIT 4 - Page 2

4.   Defendant Frederic Keith Jefferson is an individual resident of Houston, Texas.  Jefferson
     may be served with citation at the address listed with the Texas Department of Insurance:
     **2120 Capital Street, Apartment 3414, Houston, Texas 77003**.  Plaintiff requests service
     at this time.

### JURISDICTION

5.   The Court has jurisdiction over United because this Defendant engages in the business of
     insurance in the State of Texas, and the causes of action arise out of United's business
     activities in the state, including those in Montgomery County, Texas, with reference to this
     specific case.

6.   The Court has jurisdiction over Jefferson because this Defendant engages in the business
     of adjusting insurance claims in the State of Texas, and the causes of action arise out of
     this Defendant's business activities in the State of Texas, including those in Montgomery
     County, Texas, with reference to this specific case.

### VENUE

7.   Venue is proper in Montgomery County, Texas because the insured property is located in
     Montgomery County, Texas, and all or a substantial part of the events giving rise to this
     lawsuit occurred in Montgomery County, Texas.  TEX. CIV. PRAC. &  REM. CODE §
     15.032.

### FACTS

8.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of
     the Texas Insurance Code, and violations of the Texas DTPA.

9.   Plaintiff owns a United States Liability Insurance Group homeowner's insurance policy,
     number BP1586592 ("the Policy").  At all relevant times, Plaintiff owned the insured

EXHIBIT 4 - Page 3

premises located at 402 East Davis, Conroe, Texas 77301 ("the Property").

10. United or its agent sold the Policy, insuring the Property, to Plaintiff. United or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. United has refused the full extent of that coverage currently owed to Plaintiff.

11. On or about May 26, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Conroe, Texas area.

12. In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to United against the Policy for damage to the Property. United assigned claim number K103804 to Plaintiff's claim.

13. Plaintiff asked United to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, HVAC system, shed, patio, and fencing. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: dining room, kitchen, hallway, men's restroom, women's restroom, prep room, and storage.

15. United assigned or hired Jefferson to adjust the claim.

    a. Jefferson had a vested interest in undervaluing the claims assigned to him by United in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Jefferson. The valuation of damages that were included in Jefferson's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Jefferson.

3

EXHIBIT 4 - Page 4

b. Furthermore, Jefferson was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Jefferson had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Jefferson made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

d. Jefferson made further misrepresentations to Plaintiff during his inspection. Jefferson used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear and damage of a type not consistent with the type of claim that was made.

16. United, through its agents, namely Jefferson, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around September 6, 2016. Jefferson found that there was no damage from a covered peril to the property.

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $33,566.78.

20. Since due demand was made on January 19, 2017, United has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered

4

EXHIBIT 4 - Page 5

under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly. Instead, United or its agent Olga Garcia of Combined Group, an insurance agency that presumably manages Plaintiff's policy on behalf of United, sent Plaintiff a "memorandum" letter on March 3, 2017, which listed a number of "mandatory recommendations" of repairs United or its agents purportedly observed during adjustment of the claim and stated that failure to comply and confirm compliance in writing within forty-five days of the letter would result in policy cancellation.

21.   As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, United failed to provide full coverage due under the Policy.

22.   As a result of United's failure to provide full coverage, along with United's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.   United failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, United refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between United and Plaintiff.

25.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to

5

EXHIBIT 4 - Page 6

Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, United, through its agents, servants, and representatives, namely Jefferson, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30.    Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

EXHIBIT 4 - Page 7

## CAUSES OF ACTION AGAINST DEFENDANT UNITED STATES LIABILITY INSURANCE GROUP

### BREACH OF CONTRACT

31.     All allegations above are incorporated herein.

32.     United is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between United and Plaintiff.

33.     United's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.     All allegations above are incorporated herein.

35.     United's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36.     United's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     United's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

EXHIBIT 4 - Page 8

38.     United's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.     United's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.     United's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.     All allegations above are incorporated herein.

42.     United's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.     United's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.     United's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

8

EXHIBIT 4 - Page 9

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.     All allegations above are incorporated herein.

46.     United's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.     United's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, United knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

48.     Furthermore, United or its agent Olga Garcia of Combined Group, an insurance agency that presumably manages Plaintiff's policy on behalf of United, sent Plaintiff a "memorandum" letter on March 3, 2017, which listed a number of "mandatory recommendations" of repairs United or its agents purportedly observed during adjustment of the claim and stated that failure to comply and confirm compliance in writing within forty-five days of the letter would result in policy cancellation. Instead of working in good faith and dealing fairly with Plaintiff, United utilized its observations and reports on Plaintiff's claim to serve as basis for cancellation of Plaintiff's insurance policy with United, which constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49.     All allegations above are incorporated herein.

50.     United's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by United pursuant to the DTPA. Plaintiff has met all conditions

EXHIBIT 4 - Page 10

precedent to bringing this cause of action against United. Specifically, United's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, United has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. United's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     United represented to Plaintiff that the Policy and United's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     United also represented to Plaintiff that the Policy and United's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Furthermore, United advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.     United breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.     United's actions are unconscionable in that United took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. United utilized its estimates and reports from Plaintiff's claim not to justify and ultimately

EXHIBIT 4 - Page 11

pay Plaintiff for her loss but instead as basis for justification that United cancel Plaintiff's insurance policy. United's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.      United's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

51.      Each of the above-described acts, omissions, and failures of United is a producing cause of Plaintiff's damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

### FRAUD

52.      All allegations above are incorporated herein.

53.      United is liable to Plaintiff for common-law fraud.

54.      Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and United knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

55.      United made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

EXHIBIT 4 - Page 12

## CAUSES OF ACTION AGAINST DEFENDANT FREDERIC KEITH JEFFERSON

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

56.   All allegations above are incorporated herein.

57.   Jefferson's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

58.   Jefferson is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of United, because Jefferson is a "person," as defined by TEX. INS. CODE §541.002(2).

59.   Jefferson knowingly underestimated the amount of damage to the Property. As such, Jefferson failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

60.   Furthermore, Jefferson did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

61.   Jefferson's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

62.   Jefferson's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

EXHIBIT 4 - Page 13

## DTPA VIOLATIONS

63.     All allegations above are incorporated herein.

64.     Jefferson's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods

and services provided by Jefferson pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Jefferson. Specifically, Jefferson's

violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Jefferson has violated

sections 17.46(b)(2), (5), and (7) of the DTPA.  Jefferson's violations include, (1)

failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

estimate reflecting the proper repair of Plaintiff's Property when liability has

become reasonably clear, which gives Plaintiff the right to recover under section

17.46(b)(2).

B.      Jefferson represented to Plaintiff that the Policy and his adjusting and investigative

services had characteristics or benefits they did not possess, which gives Plaintiff

the right to recover under section 17.46(b)(5) of the DTPA.

C.      Jefferson represented to Plaintiff that the Policy and his adjusting services were of

a particular standard, quality, or grade when they were of another, in violation of

section 17.46(b)(7) of the DTPA.

D.      Jefferson's actions are unconscionable in that Jefferson took advantage of

Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

Jefferson's unconscionable conduct gives Plaintiff a right to relief under section

17.50(a)(3) of the DTPA; and

13

EXHIBIT 4 - Page 14

E.   Jefferson's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

65.   Each of Jefferson's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Jefferson, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

<strong>FRAUD</strong>

66.   All allegations above are incorporated herein.

67.   United assigned or hired Jefferson to adjust the claim.

a.   Jefferson had a vested interest in undervaluing the claims assigned to him by United in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Jefferson. The valuation of damages that were included in Jefferson's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Jefferson.

b.   Furthermore, Jefferson was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Jefferson had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.   Jefferson made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

14

EXHIBIT 4 - Page 15

d.  Jefferson made further misrepresentations to Plaintiff during his inspection. Jefferson used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear and damage of a type not consistent with the type of claim that was made.

### NEGLIGENCE

68.  All allegations above are incorporated herein.

69.  Jefferson was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a.  Failure to conduct a reasonable inspection;

b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

70.  Jefferson's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

71.  At all relevant times, Jefferson was an agent or employee of Defendant United.

72.  Jefferson's unreasonable inspection was performed within the course and scope of his duties with Defendant United. Therefore, United is also liable for the negligence of Jefferson through the doctrine of respondeat superior.

EXHIBIT 4 - Page 16

## GROSS NEGLIGENCE

73.   All allegations above are incorporated herein.

74.   Jefferson's actions or omissions constitute gross negligence as defined in TEX. CIV. P. &
REM. CODE § 41.001 (11)(A) and (B):

   a.   Jefferson's actions, when viewed objectively from the standpoint of the actor at the
time of their occurrence involves an extreme degree of risk, considering the
probability and magnitude of potential harm to Plaintiff; and

   b.   Jefferson had actual, subjective awareness of the risk involved but nevertheless
proceeded with conscious indifference to the rights, safety, and/or welfare of
Plaintiffs.

75.   Jefferson intentionally misrepresented the scope and amount of damages on the estimate
prepared for Plaintiffs' Property on behalf of United. His estimate was to such an extreme
degree below what another licensed adjuster would have done in this situation (as
evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for
the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed
to persist unrepaired.

## KNOWLEDGE

76.   Defendants made each of the acts described above, together and singularly, "knowingly,"
as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's
damages described herein.

16

EXHIBIT 4 - Page 17

## WAIVER AND ESTOPPEL

77.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

78.    Since the claim was made, United has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

79.    Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

80.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

81.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

82.    The damage to Plaintiff's Property is currently estimated at $33,566.78.

17

EXHIBIT 4 - Page 18

83.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

84.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

85.   For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money United owed, and exemplary damages.

86.   Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

EXHIBIT 4 - Page 19

87. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

88. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

89. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

90. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

EXHIBIT 4 - Page 20

**JURY DEMAND**

91.    Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Montgomery County, Texas.  Plaintiff hereby tenders

the appropriate jury fee.

**PRAYER**

Plaintiff prays that Defendants, United States Liability Insurance Group and Frederic Keith

Jefferson, be cited and served to appear, and that upon trial hereof, Plaintiff,  Faustina Ortiz, has

and recovers from Defendants, United States Liability Insurance Group and Frederic Keith

Jefferson, such sums as would reasonably and justly compensate Plaintiff in accordance with the

rules of law and procedure, as to actual, consequential, and treble damages under the Texas

Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for

pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiff, Faustina Ortiz, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Allen B. Landon
Bar No. 24091870
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com

20

EXHIBIT 4 - Page 21

cwilson@cwilsonlaw.com
alandon@cwilsonlaw.com

PROVOST UMPHREY LAW FIRM LLP

By: /s/ *David P. Wilson*

David P. Wilson
Bar No. 21672700
DWilson@pulf.com
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888

ATTORNEYS FOR PLAINTIFF

21

EXHIBIT 4 - Page 22

Montgomery County - JP3 - County Court at Law #2

Received and E-Filed for Record
5/31/2017 4:10:00 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* 17-06-06669          COURT *(FOR CLERK USE ONLY):* _____

STYLED *FAUSTINA ORTIZ V. UNITED STATES LIABILITY INSURANCE GROUP AND FREDERIC KEITH JEFFERSON*

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Chad T. Wilson  **Email:** cwilson@cwilsonlaw.com  **Address:** 455 East Medical Center Blvd., Suite 555  **Telephone:** 832-415-1432  **City/State/Zip:** Webster, Texas 77598  **Fax:** 281-940-2137  **Signature:** *[signature]*  **State Bar No:** 24079587 | Plaintiff(s)/Petitioner(s): Faustina Ortiz  Defendant(s)/Respondent(s): United States Liability Insurance Group, Frederic Keith Jefferson  [Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner  ☐ *Pro Se* Plaintiff/Petitioner  ☐ Title IV-D Agency  ☐ Other:  **Additional Parties in Child Support Case:**  Custodial Parent:  Non-Custodial Parent:  Presumed Father: |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

EXHIBIT 4 - Page 23

Received and E-Filed for Record
5/31/2017 4:10:00 P
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

# CHAD T. WILSON LAW FIRM

| | |
|---|---|
| CHAD T. WILSON – Attorney at Law | cwilson@cwilsonlaw.com |
| ALLEN LANDON – Attorney at Law | chawkins@cwilson.com |

May 30, 2017

**17-06-06669**

Ms. Barbara Gladden Adamick
Montgomery County District Clerk
P.O. Box 2985
Conroe, Texas 77305

*Montgomery County - DC - County Court at Law #2*

RE: Cause No.: _____; *Faustina Ortiz v. United States Liability Insurance Group and Frederic Keith Jefferson*, In the _____ District Court, Montgomery County, Texas.

Dear Ms. Adamick:

    Please prepare a civil process citation for the following and have served by Certified Mail Return Receipt Requested through the court:

> **United States Liability Insurance Group**
> **c/o Lisa Mann**
> **Bingham Mann & House**
> **4500 Yoakum Boulevard**
> **Houston, Texas 77006**
>
> **Frederic Keith Jefferson**
> **2120 Capital Street, Apartment 3414**
> **Houston, Texas 77003**

    I understand that there is a charge for this service and an additional charge to attach a copy of the Original Petition to the citation will be charged. If any additional information is needed, feel free to contact this office. Thank you for your cooperation and assistance.

               Sincerely yours,

               Chad T. Wilson
               Texas State Bar No. 24079587
               CHAD T WILSON LAW FIRM PLLC

| | |
|---|---|
| 455 East Medical Center Blvd., Suite 555 | Office: (832) 415-1432 |
| Webster, Texas 77598 | Fax: (281) 940-2137 |

EXHIBIT 4 - Page 24

Received and Filed
for Record
June 1, 2017      3:22 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Casso, Elizabeth

# CITATION

Cause Number: 17-06-06669

Clerk of the Court                    Attorney Requesting Service
Barbara Gladden Adamick               Chad T. Wilson
P.O. Box 2985                         455 East Medical Center Blvd Suite 555
Conroe, Texas 77305                   Webster TX  77598

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If
you or your attorney does not file a written answer with the clerk who
issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and
petition, a default judgment may be taken against you.

To:  United States Liability Insurance Group
     c/o Lisa Mann
     Bingham Mann & House
     4500 Yoakum Boulevard
     Houston, TX  77006

You are hereby commanded to appear by filing a written answer to the Plaintiff's
Original Petition, Jury Demand, and Request for Disclosures at or before 10:00
A.M. of the Monday next after the expiration of twenty days after the date of
service of this citation before the Honorable County Court at Law #2 Montgomery
County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosures was
filed in said court on this the 31st day of May, 2017 numbered 17-06-06669 on the
docket of said court, and styled, Faustin Ortiz VS. United States Liability
Insurance Group, Frederic Keith Jefferson

The nature of plaintiff's demand is fully shown by a true and correct copy of
Plaintiff's Original Petition, Jury Demand, and Request for Disclosures
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this
the 1st day of June, 2017.

                         Barbara Gladden Adamick, District Clerk
     (SEAL)              Montgomery County, Texas

                    By: _Elizabeth Casso_ Signed: 6/1/2017 03:23 PM

                         Elizabeth Casso, Deputy

EXHIBIT 4 - Page 25

# OFFICER'S RETURN

Cause No. 17-06-06669             Court No: County Court at Law #2
Style: Faustin Ortiz VS. United States Liability Insurance Group, Frederic Keith Jefferson
To:       United States Liability Insurance Group
Address:   c/o Lisa Mann
           Bingham Mann & House
           4500 Yoakum Boulevard
           Houston, TX 77006

Came to hand the ____ day of _____, 20__, at _____ o'clock, and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosures, at the following times and places, to wit:
Name          Date/Time         Place, Course and distance from Courthouse
_____   _____   _____

Manner of service:_____

*And not executed as to the defendants(s)_____
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy   $_____
TOTAL                    $_____

                         _____ OFFICER
                                      County, Texas
                       By: _____, Deputy

## AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

My full name is _____ my date of birth is __/__/__, and my address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the ___day of _____, 20____.

                         _____
                         Declarant/Authorized Process Server

                         _____
                         ID# & Exp. Of Certification

EXHIBIT 4 - Page 26

Received and Filed
for Record
June 1, 2017      3:24 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Casso, Elizabeth

# CITATION

Cause Number: 17-06-06669

Clerk of the Court                    Attorney Requesting Service
Barbara Gladden Adamick                Chad T. Wilson
P.O. Box 2985                          455 East Medical Center Blvd Suite 555
Conroe, Texas 77305                    Webster TX  77598

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  Frederic Keith Jefferson
     2120 Capital Street, Apartment 3414
     Houston, TX  77003

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition, Jury Demand, and Request for Disclosures at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable County Court at Law #2 Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition, Jury Demand, and Request for Disclosures was filed in said court on this the 31st day of May, 2017 numbered 17-06-06669 on the docket of said court, and styled, Faustin Ortiz VS. United States Liability Insurance Group, Frederic Keith Jefferson

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, Jury Demand, and Request for Disclosures accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 1st day of June, 2017.

(SEAL)                                Barbara Gladden Adamick, District Clerk
                                      Montgomery County, Texas

                          By: _Elizabeth Casso_   Signed: 6/1/2017 03:24 PM

                                      Elizabeth Casso, Deputy

EXHIBIT 4 - Page 27

## OFFICER'S RETURN

Cause No. 17-06-06669                    Court No: County Court at Law #2
Style: Faustin Ortiz VS. United States Liability Insurance Group, Frederic
Keith Jefferson
To:       Frederic Keith Jefferson
Address: 2120 Capital Street, Apartment 3414
          Houston, TX  77003

Came to hand the ___ day of _____, 20___, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition, Jury Demand, and Request for
Disclosures, at the following times and places, to wit:
Name           Date/Time        Place, Course and distance from Courthouse

_____   _____    _____

Manner of service:_____

*And not executed as to the defendants(s)_____
The diligence used in finding said defendant(s) being:

_____
And the cause of failure to execute this process is:

_____
And information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy       $_____
TOTAL                           $_____
                                  _____ OFFICER
                                  _____ County, Texas
                                         By: _____, Deputy
                                    AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my
address is _____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the ___day of
_____, 20____.

                                  _____
                                  Declarant/Authorized Process Server

                                  _____
                                  ID# & Exp. Of Certification

EXHIBIT 4 - Page 28

Montgomery County District Clerk's
Office
Ecasso
301 N Main St.

Conroe    TX    77301



USPS CERTIFIED MAIL™

9214 8901 4633 9311 4551 72

UNITED STATES LIABILITY INSURANCE
GROUP
c/o Lisa Mann
BINGHAM MANN & HOUSE
4500 YOAKUM BOULEVARD
HOUSTON    TX    77006

Montgomery County District Clerk's Office
Ecasso
301 N Main St.

Conroe        TX        77301



**USPS CERTIFIED MAIL™**

9214 8901 4633 9311 4551 89

FREDERIC KEITH JEFFERSON
Frederic Keith Jefferson
2120 CAPITAL STREET, APARTMENT 3414

HOUSTON        TX    77006

Received and Filed
for Record
June 1, 2017   **3:50 PM**
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Casso, Elizabeth

# Clerk's Certificate of Service by Certified Mail:

I, Barbara Gladden Adamick, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 17-06-06669, I executed the foregoing citation in Montgomery County, Texas on this the 1st day of June, 2017, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosures attached thereto, via certified mail no. 921489014633931145172 and address to United States Liability Insurance Group
Registered Agent Lisa Mann
Bingham Mann and House
4500 Yoakum Blvd
Houston TX  77006 and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially June 01, 2017.

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _Elizabeth Casso_

Signed: 6/1/2017 03:50 PM

Elizabeth Casso

EXHIBIT 4 - Page 31

Received and Filed
for Record
June 1, 2017   **3:49 PM**
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas
Casso, Elizabeth

# Clerk's Certificate of Service by Certified Mail:

I, Barbara Gladden Adamick, Clerk of the District Courts of Montgomery County, Texas, certify that, in cause no. 17-06-06669, I executed the foregoing citation in Montgomery County, Texas on this the 1st day of June, 2017, by placing in the United States Mail a true copy of this citation, with a true copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosures attached thereto, via certified mail no. 92148901463393311455189 and address to Frederic Keith Jefferson
2120 Capital St Apt 3414
Houston TX  77003 and endorsed thereon "RETURN RECEIPT REQUESTED"; to certify which witness my hand officially June 01, 2017.

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas



By: _Elizabeth Casso_     Signed: 6/1/2017 03:49 PM
_____
Elizabeth Casso

EXHIBIT 4 - Page 32