| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
June 05, 2019
David J. Bradley, Clerk

| Faustina Ortiz, | § |
|---|---|
| | § |
| Plaintiff, | § |
| | § |
| versus | § Civil Action H-17-2018 |
| | § |
| United States Liability Insurance | § |
| Group, et al., | § |
| | § |
| Defendants. | § |

## Opinion on Summary Judgment

1.  *Background.*

Faustina Ortiz owns a Mexican restaurant in Conroe, Texas. She leased the restaurant's building from Javier Lugo. United States Liability Insurance Group insured the building from January 26, 2016, to January 26, 2017. It covered casualties to the property caused by windstorms and hailstorms with a $2,500 deductible. On August 23, 2016, Lugo filed a claim with United asserting that on May 26, 2016, a hailstorm extensively damaged the building's roof and walls.

United hired an adjuster, Frederic Jefferson of Wheeler-DeFusco & Associates. He inspected the building on September 6th. He photographed the building and found: (a) deterioration; (b) poor maintenance; (c) numerous gaps in the roof; and (d) earlier repairs. He sent his photographs to United.

After reviewing the pictures, United hired engineer Arun Parihar of ProNet Group, Inc., to reinspect the restaurant. Parihar, Jefferson, Lugo, and the restaurant manager, Rodolfo Avilez, inspected the building on October 17th.

Parihar found no evidence consistent with wind or hail damage. He discovered that the property suffered from long-term damage caused by rot, cracked walls and ceilings, bad drainage, and moisture stains – all existing before the storm. He also included a weather report of conditions in Conroe since 2006. This report shows no hailstorm within ten miles of the restaurant on May 26th. The only hailstorms that occurred were before United insured the building. United then notified Ortiz that it found no covered damage.

2. *The Policy.*

Ortiz and United contracted for coverage of her restaurant from January 26, 2016, to January 26, 2017. The policy had a condition requiring that Ortiz "promptly" notify the insurer. Ortiz waited three months to file her claim. United has no duty to cover the building if she fails to comply with these terms.

Even if Ortiz had reported this damage on time, it would not have been covered. The building was old and poorly maintained. No evidence suggests that the damage she identifies is from wind or hail. Rather, the adjuster found the damage attributable to rot, cracked walls and ceilings, and other seriously deferred maintenance. United did not breach the policy.

3. *Hail.*

Ortiz cannot support her claim – because it is not true – that hail was the cause of the restaurant's damage. United's adjuster's report examined the asserted damage and explained that it could not be attributed to hail, but rather to profoundly poor maintenance. Ortiz advances no data to support her claim that wind or hail damaged her restaurant other than telling this court to perform a "quick, general search online" for Conroe weather data. This convenient, extrinsic information contradicts Ortiz's claims.

Assuming, without more, that a windstorm or hailstorm hit Conroe on May 26, 2016, Ortiz's claim fails. She has nothing more than conclusory statements. She advances no data supporting her position nor does she produce a single datum rebutting United's report. Even if this court were to conduct an extrinsic online search, and found data to support Ortiz's claim that there was a windstorm or hailstorm on May 26, 2016, in her part of Conroe, this would not support the claimed losses. Hail in the surrounding areas does not prove hail damage to her restaurant.

4. *Statutory Violations.*

Ortiz says United violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act when United refused to pay what she asked. Texas law does not require payment of the assured's claim; it requires that the insured reasonably adhere to the contract.[1] United says it has no liability because it has correctly denied her claim.

---

[1] *See Bayou City Properties v. Am. Econ. Ins. Co.*, No. CIV.A.H-09-1720, 2010 WL 2104632, at *3 (S.D. Tex. May 25, 2010).

5. *Bad Faith.*

Even had United breached the contract, extra-contractual liability would require that United act in bad faith; it did not.[2] Ortiz's facts about bad faith are simply that United did not pay her what she wanted.

6. *Conclusion.*

United did not breach. Ortiz has asserted a typical list of collateral legal theories – breach of contract, statutory violations, and bad faith. She has no facts to support them. No windstorm or hailstorm occurred at the restaurant on May 26, 2016. Ortiz cannot recover damages when she did not promptly submit her claim. Faustina Ortiz will take nothing from United States Liability Insurance Group.

Signed on June 5, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] *See Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 58 (Tex. 1997) (bad-faith liability depends, in part, on a determination that an insurer had no reasonable basis for denying or delaying payment of a claim).